Charles J. GREEN, Successor Trustee Under Trust Agreement Known as Trust No. 140, in Behalf of All Beneficiaries of His Trust, Namely, J. Lee Hackett Co., Charles J. Green, and Earl Hart Woodworking Machine Co., Appellant,

v.

Jerome F. DUGGAN, Trustee of National Aircraft Corporation, Subsidiary Debtor, Appellee.

No. 15519.

United States Court of Appeals Eighth Circuit.

April 15, 1957.

Rehearing Denied May 9, 1957.

tee have been made strictly in accordance with the law and orders of the reorganization court. We are, upon the present record, without adequate information to weigh the legal and equitable rights of the various claimants against the assets in the hands of the trustee.

Except as herein modified, our opinion upon original submission is reaffirmed, and appellant's petition for rehearing is denied.

Jacob M. Lashly, Israel Treiman, Elihu M. Hyndman and Lashly, Lashly & Miller, St. Louis, Mo., on appellant's Petition for Rehearing or in the Alternative for Modification of Decision.

Before GARDNER, Chief Judge, and VAN OOSTERHOUT, Circuit Judge.

· PER CURIAM.

On consideration of Appellant's Petition for Rehearing or in the Alternative for Modification of Decision, our opinion upon original submission is modified to the extent that the relief granted therein shall be without prejudice to any right appellant may have to assert a demand against the trustee for repayment of any part of the purchase money paid by appellant for the Indiana land, which shall not have been satisfied by the equitable lien established in our original opinion.

Whether the appellant is entitled to an order for the payment of any deficiency that may exist after the enforcement of the equitable lien may depend upon the amount and nature of the assets in the hands of the trustee and the equitable rights of other claimants to such assets, and may also depend upon whether disbursements heretofore made by the trus-